**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HALINA NOWAK, | No. 15-71187 |
| Petitioner, | Agency No. A087-168-107 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2018[**]
San Francisco, California

Before:  D.W. NELSON, TASHIMA, and CHRISTEN, Circuit Judges.

Halina Nowak, a native and citizen of Poland, petitions for review of the

Board of Immigration Appeals' (BIA) final order of removal.  We have jurisdiction

under 8 U.S.C. § 1252(a)(1), and we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.  The BIA did not abuse its discretion by finding that Nowak's untimely asylum application was statutorily barred.  Nowak failed to demonstrate how the death of a Polish politician she knew twenty-nine years ago constituted a changed circumstance that materially affected her eligibility for asylum.  *See* 8 U.S.C. § 1158(a)(2)(D).

2.  The BIA correctly decided that substantial evidence supported the immigration judge's (IJ) determination that Nowak was not entitled to withholding of removal.  Nowak did not suffer past persecution: she received only three indirect threats over a fourteen-year period that did not result in harm, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), and she was able to earn a living from her business while she was under government investigation, *see Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006).  Nowak also failed to show that she would suffer future persecution if she returned to Poland.  *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017).  Indeed, the individuals who contacted Nowak's sister in Poland neither threatened Nowak nor mentioned her prior involvement with the deceased politician.

3.  The BIA did not consider the validity of Nowak's second marriage in making its decision.  Thus, Nowak is not entitled to a new hearing based on the IJ's

finding that her second marriage was fraudulent.  *See Lianhua Jiang v. Holder*, 754

F.3d 733, 741 (9th Cir. 2014).

**PETITION DENIED.**